# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

EVE JOHNSON,

     Plaintiff,

v.                              CASE NO.  8:18-cv-1146-T-26CPT

THOR MOTOR COACH, INC.,

     Defendant.

_____/

## O R D E R

**BEFORE THE COURT** is Defendant's Renewed Motion to Transfer Venue, or

in the alternative, Motion to Dismiss (Dkt. 17) and Plaintiff's Response in Opposition

(Dkt. 20).  After careful consideration of the submissions of the parties, the applicable

law, and the entire file, the Court concludes that the motion to transfer is due to be

granted and the motion to dismiss denied without prejudice.

This action arises out of Plaintiff's purchase of a 2016 Thor motor coach from

Camping World RV Sales, an independent dealership in Dover, Florida.  The complaint

seeks damages for breach of express warranty under the Magnuson-Moss Warranty Act,

15 U.S.C. § 2301 *et seq*.  A limited warranty that accompanied the purchase of the

recreational vehicle contained a forum-selection clause requiring all claims be brought in

a particular county in Indiana, which is located in the Northern District of Indiana.

Defendant seeks to transfer this case to Indiana pursuant to the forum-selection clause or, in the alternative, seeks dismissal of the claim.

Plaintiff avers that she was neither provided a copy of the warranty before the purchase, nor was she notified that the warranty required all claims to be filed in Indiana. See docket 20, page 27. Defendant avers that Plaintiff executed a warranty registration form and received the limited warranty as part of the owner's manual, both of which are attached to the complaint. See docket 17-1, ¶ 8 and Exhibits 1 and 2, and docket 2, Exhibit B. The warranty registration form provides in part: "Before I purchased this vehicle, I received, read and agreed to the terms and conditions of Thor Motor Coach's 1 page Limited Warranty, published within its Owner's Manual, and the Chassis Limited Warranty." The Limited Warranty referenced in the warranty registration form contains the following forum-selection clause in bold and capital letters: "Any legal action to *enforce warranty rights* against TMC must be brought within the County of Elkhart, State of Indiana." (Emphasis added).

The seminal case to resolve a motion to transfer pursuant to 28 U.S.C. § 1404(a) is Atlantic Marine Construction Co., Inc. v. United States District Court for the Western District of Texas, 571 U.S. 49, 134 S.Ct. 568, 187 L.Ed.2d 487 (2013). A district court should transfer the case to the place agreed to in the forum-selection clause "unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." Atlantic Marine, 134 S.Ct. at 575, 581. A valid forum-selection clause should

be given controlling weight in all but the most exceptional circumstances.  Id. at 581

(citation and quotation marks omitted).  "[T]he plaintiff bears the burden of establishing

that transfer to the forum for which the parties bargained is unwarranted."  Id.  The court

should disregard the parties' private interests but may consider public-interest factors.  Id.

at 582.  Finally, the choice-of-law rules of the transferor venue, which in this case is this

Court, should not apply.  Id.

At least three other district courts have ruled in Thor Motor Coach, Inc.'s favor on

the issue of transfer concerning claims brought for breach of warranty.  See Robidoux v.

Thor Motor Coach, Inc., Case No. 18-14146-CIV-MARTINEZ-MAYNARD (S.D. Fla.

May 23, 2018) (unpublished) at docket 10 (Notice of Supplemental Authority); Messmer

v. Thor Motor Coach, Inc., 2017 WL 933138 (M.D. Fla. Feb. 28, 2017); Knecht v. Thor

Motor Coach, Inc., 2017 WL 6546321 (N.D. Ohio Dec. 22, 2017).  All three courts

transferred the cases to the Northern District of Indiana pursuant to similar forum-

selection clauses.

Plaintiff asks this Court not to enforce the forum-selection clause because trial in

Indiana would be sufficiently inconvenient to Plaintiff in terms of not being able to travel

to Indiana based on her financial and health issues.[1]  The Court is empathetic to the

difficulties that will likely be encountered by Plaintiff.  Under the second prong of the

---

[1]  The Court notes that Plaintiff signed her supporting declaration in Ontario,
Canada.  See docket 20, page 29.

<u>Atlantic Marine</u> test, however, this Court is precluded from considering the private concerns of Plaintiff.

Plaintiff also makes the argument that the forum-selection clause is invalid and unenforceable because she was not provided a copy of the limited warranty, or otherwise notified of the Indiana requirement, before she purchased the motor coach. She does not deny, however, that she signed the warranty registration form as part of the purchase. The form clearly states that she "received, read and agreed to" the terms of the warranty. None of the cases cited by Plaintiff support her position. For example, in <u>St. Aubin v. Island Hotel Co.</u>, 2017 WL 998298 (S.D. Fla. Mar. 15, 2017), the plaintiff did not sign the agreement that contained the forum-selection clause at check-in for the resort. In any event, the instant case does not involve a vacationer checking into hotel, but rather the purchase of a vehicle. The Plaintiff does not contend that she was prevented from reading the warranty registration form or the warranty, or was somehow tricked before signing it. Moreover, the warranty registration form identifies a specific document, which, at the very least, put Plaintiff on notice that she should examine the separate document before signing the form. <u>See</u> <u>Chaudoin v. Thor Motor Coach, Inc.</u>, 2017 WL 3485803, at *11 (E.D. Mich. Aug. 15, 2017). Having determined that the forum-selection clause is valid and enforceable, thereby warranting transfer, the Court need not address the arguments raised under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1)   Defendant's Renewed Motion to Transfer Venue (Dkt. 17) is **granted**.

(2)   Defendant's Renewed alternative Motion to Dismiss (Dkt. 17) is **denied without prejudice.**

(3)   The Clerk is directed to **transfer** this case to the Northern District of Indiana. After transfer is effectuated, the Clerk is directed to terminate any pending motions/deadlines and to **close** the case.

**DONE AND ORDERED** at Tampa, Florida, on July 19, 2018.


___s/*Richard A. Lazzara*_____
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


COPIES FURNISHED TO:
Counsel of Record